*Stopford et al. v. Milton Town School Dist. et al.*, No. 826-8-15 Cncv (Mello, J., Sept. 22, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Chittenden Unit | CIVIL DIVISION<br>Docket No. 826-8-15 Cncv |

| | |
|---|---|
| TRACY STOPFORD, both individually and as Administratrix of the Estate of her son, JORDAN PREAVY, and SEAN PREAVY,<br>          Plaintiffs,<br><br>v.<br><br>MILTON TOWN SCHOOL DISTRICT ("MTSD"), JOHN BARONE, SR., in his official capacity as Superintendent of MTSD, MILTON TOWN SCHOOL BOARD ("MTSB"), MILTON HIGH SCHOOL ("MHS") BOARD, and ANNE BLAKE, in her official capacity as MHS Principal,<br>          Defendants. | |

### RULING ON DEFENDANTS' MOTION FOR SANCTIONS

Defendants have moved for sanctions against Plaintiff's counsel for his ex parte contact with Defendants' expert. The court conducted a hearing on this motion on May 23, 2017. Pietro J. Lynn and Adrienne Shea, Esqs. represent Defendants, and Robert J. Appel, Esq. represents Plaintiff.

At the hearing, Plaintiff's counsel admitted to having purposely contacted Defendants' expert and claimed that the contact was "innocent." He claimed that he was trying to determine what the expert's scheduling availability and cost would be. However, the communication ultimately yielded information upon which Plaintiff filed a motion to strike Defendants' notice of expert witness.

The Vermont Rules of Civil Procedure allow for limited discovery of an opposing party's expert witness through interrogatories, depositions, and the production of final reports or written opinions. V.R.C.P. 26(b)(4)(A)(i)–(iii). Like Federal Rule of Civil Procedure 26(b)(4)(A), this rule serves to limit the permissible communications between counsel, and by implication, ex parte communication between an attorney and an expert witness for the opposing party violates the rule. See Restatement (Third) of the Law Governing Lawyers § 102, Reporter's Note,

comment d (collecting cases that hold that attorney may not communicate expert witness assisting opposing counsel).

"Although the Model Rules do not explicitly prohibit ex parte contacts with an opposing party's expert witness, a lawyer who engages in such contacts may violate Model Rule 3.4(c) if the matter is pending in federal court or in a jurisdiction that has adopted an expert-discovery rule patterned after Federal Rule of Civil Procedure 26(b)(4)(A)." ABA Formal Op. 93-378. V.R.P.C. 3.4(c), prohibiting lawyers from "knowingly disobey[ing] an obligation under the rules of a tribunal," is identical to Model Rule 3.4.(c). Vermont's expert witness discovery rule is patterned after the analogous federal rule to the extent that provides limited discovery of expert witnesses.

The Court finds that Plaintiff's counsel knowingly violated the limitations of V.R.C.P. 26(b)(4)(A) when he engaged in ex parte communication with Defendants' expert witness. Although Plaintiff's counsel cited scheduling questions and concern about costs to be his reason for contacting Defendants' expert witness, these issues could have easily been addressed in the customary manner by contact with Defendants' counsel. In the course of the impermissible ex parte communication, Plaintiff's counsel gleaned information that served as the basis for the subsequently filed motion to strike. It prejudiced Defendants to be forced to respond to Plaintiff's motion to strike that was premised upon the ex parte communication regarding the state of the expert's opinion, regardless of whether Plaintiff's counsel requested that information. The Court therefore finds that Plaintiff's counsel acted in bad faith, and hereby orders him to compensate Defendants for the fees incurred by preparing and handling their opposition to Plaintiff's motion to strike. See Lawson v. Brown's Home Day Care Ctr., Inc., 2004 VT 61, ¶ 14, 177 Vt. 528 (stating that the court "has inherent power to sanction an attorney for misconduct, but it must first find the presence of bad faith or other exceptional circumstances").

Order

Defendants' motion for sanctions is *granted*. Plaintiff shall compensate Defendants for the cost of preparing and handling their opposition to Plaintiff's motion to strike.

Dated this 22nd day of September, 2017.

_____
Robert A. Mello
Superior Court Judge

2